## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| De'Joir Aron-Pierre Stokes, | ) | **CASE NO. 1: 26 CV 895** |
| | ) | |
| Plaintiff, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| City Dogs Animal Control, *et al.*, | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

### Background

On April 16, 2016, *pro se* Plaintiff De'Joir Aron-Pierre Stokes has filed a civil rights

complaint in this case against City Dogs (Kennels) Animal Control, the City of Cleveland

Animal Care and Control, the State of Ohio, and the Third District Cleveland Division of Police.

(Doc. No. 1.) His complaint consists of unclear factual allegations and legal claims against each

of the Defendants, but he contends his rights were violated in connection with events that

occurred in March 2025, after he left his broken down car, with his service dog inside, on the

side of the road in Cleveland. He contends his dog was wrongly taken to animal control after

she was encountered alone in his car. He contends his dog should not have taken to animal

control because he had reported that his car was broken down and that he had abandoned it

temporarily.

Plaintiff did not pay the filing fee in the case, but instead, filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)  That motion is granted, and for the following reasons, his complaint is dismissed.

### Standard of Review and Discussion

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).  Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations or create claims on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).  Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To avoid dismissal for failure to state a claim, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)).  The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In addition, the complaint must contain allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds

-2-

upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Upon review, the Court finds the complaint warrants dismissal under § 1915(e)(2)(B). First, even liberally construed, the unclear assertions set forth in the pleading fail to meet basic federal notice pleading requirements and are insufficient to raise a right to relief, on any plausible federal civil claim against any Defendant, above a speculative level. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Plaintiff's complaint fails to set forth allegations indicating what his specific legal claims are against each of the Defendants are, and the factual grounds upon which each such claim rests.

Second, Plaintiff has already filed a lawsuit alleging state and federal claims against the same Defendants and/or those in privity with them in connection with the same events described in his present complaint. Plaintiff filed a prior action, alleging state and federal claims pertaining to his treatment and the treatment of his dog, in state court. *See Stokes v. City Dogs Animal Control, et al.*, No. 1:25-cv-01852 (N.D. Ohio May 12, 2006) (Calabrese. J.). After the action was removed to federal court, his federal claims were dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and his state-law claims were remanded to state court, where they are presently proceeding. *See id.*; *Stokes v. City Dogs/Kennels (Animal Control)*, No. CV 25 122341 (Cuy. Cty. Ct. of Common Pls.).

The doctrine of *res judicata* precludes a party from bringing "a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action." *Burton v. Cleveland Ohio Empowerment Zone*, 102 F. App'x 461, 463 (6th Cir. 2004). *Res judicata* will bar a second lawsuit if there is:

(1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Doe ex rel. Doe v. Jackson Local Schools Dist.*, 422 Fed. Appx. 497, 501 (6th Cir.2011);

*Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997).

All elements of *res judicata* are present here.  Plaintiff's present complaint arises out of the same underlying transaction or occurrence as his prior lawsuit; Plaintiff brings it against the same parties or their privies; and any federal claims he asserts here were, or could have been, raised in his prior case.  Accordingly, Plaintiff's federal claims in his present complaint are barred by *res judicata*.  In addition, the Court declines to exercise jurisdiction over any state-law claims Plaintiff may be asserting in this case for the same reasons the district court remanded his state law claims in his prior case.  *See Stokes,* No. 1:25-cv-01852 (May 12, 2026 Opinion and Order. at 14).  Additionally, the Court would not interfere with a pending case in state court.

### Conclusion

Accordingly, for the foregoing reasons, Plaintiff's complaint in this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2026

-4-